AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Northern District of Ohio

| UNITED STATES OF AMERICA<br>v.<br>**TAWANA DENSON** | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: 1:08CR0391-003<br><br>USM Number: 31981-160<br><br>James M. Kersey<br>Defendant's Attorney |
|---|---|

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): __4 of the Indictment__.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 513 (a) and 2 | Uttering and Possessing Counterfeit Securities | April 2, 2004 | 4 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___.

[✔] Count(s) __1 of the Indictment__ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

June 18, 2009
Date of Imposition of Judgment

*Christopher A. Boyko*
Signature of Judicial Officer

**CHRISTOPHER A. BOYKO**, United States District Judge
Name & Title of Judicial Officer

6/22/09
Date

FILED
JUN 22 2009
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

AO 245B (Rev. 6/05) Sheet 2 - Probation

| | | |
|---|---|---|
| CASE NUMBER: | 1:08CR0391-003 | Judgment - Page 2 of 6 |
| DEFENDANT: | TAWANA DENSON | |

# PROBATION

The Defendant is sentenced to probation for a term of 3 YEARS

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the Court.

[✔] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔] The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 6/05) Sheet 3 - Probation

CASE NUMBER: 1:08CR0391-003            Judgment - Page 3 of 6
DEFENDANT: TAWANA DENSON

# SPECIAL CONDITIONS OF PROBATION

The defendant shall provide the probation officer access to all requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall participate in the Location Monitoring Program for a period of 4 months, to commence no later than 30 calendar days from sentencing or release from custody. The defendant shall be required to remain in her residence unless given permission in advance by the probation officer to be elsewhere. The defendant may leave her residence to work and receive medical treatment and to attend religious services. The defendant shall consent to be monitored by the form of location monitoring indicated below and shall abide by all of the requirements established by the pretrial services and probation office related to the use of this location monitoring technology; and submit to random drug/alcohol tests as specified by the pretrial services and probation officer. The defendant may participate in the Discretionary Leave Program under terms set by the pretrial services and probation officer. The participant shall pay the costs of participation in the location monitoring program, based on their ability to pay as directed by the pretrial services and probation officer.

    X    Location monitoring technology at the discretion of the officer.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

Special Employment

The Defendant shall comply with the Northern District of Ohio Offender Employment Policy which may include participation in training, counseling, and/or daily job search as directed by the pretrial services and probation officer. If not in compliance with the conditions of supervision requiring full-time employment at a lawful occupation, the Defendant may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.

The defendant shall participate in an outpatient mental health treatment program as directed by the probation officer.

AO 245B (Rev. 6/05) Sheet 4 - Criminal Monetary Penalties

| | | Judgment - Page 4 of 6 |
|---|---|---|
| CASE NUMBER: | 1:08CR0391-003 | |
| DEFENDANT: | TAWANA DENSON | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ WAIVED | $ 10,508.15 |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| CHARTER ONE BANK<br>1215 SUPERIOR AVENUE<br>CLEVELAND, OH 44114 | $6,235.32 | $6,235.32 | 100% |
| U.S. BANK<br>ATTN: BANK PROTECTION DEPARTMENT<br>600 EAST SUPERIOR AVENUE<br>CLEVELAND, OH 44114 | $4,272.83 | $4,272.83 | 100% |
| TOTALS: | $ 10,508.15 | $ 10,508.15 | |

[ ] Restitution amount ordered pursuant to plea agreement $____

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the    [] fine    [✔] restitution.

    [ ] The interest requirement for the    [] fine    [] restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 6/05) Sheet 6 - Criminal Monetary Penalties

| CASE NUMBER: | 1:08CR0391-003 | Judgment - Page 6 of 5 |
|---|---|---|
| DEFENDANT: | TAWANA DENSON | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ due immediately, balance due

    [ ] not later than or
    [ ] in accordance with   [ ] C,   [ ] D,   [ ] E, or   [ ] F below; or

B [✔] Payment to begin immediately (may be combined with   [ ] C   [ ] D, or   [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [✔] Special instructions regarding the payment of criminal monetary penalties:

    [✔] A special assessment of $ 100.00 is due in full immediately as to count(s) ___4___.
    PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT

    [ ] After the defendant is release from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the restitution. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔] Joint and Several (Defendant name, Case Number, Total Amount, Joint and Several Amount and corresponding payee):
    TERRY FOSTER, 1:08CR391-001; $10,508.15, $10,508.15

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.